IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 07-CR-30112-MJR |
| JAMIL F. THOMAS, (Inmate # 03634-025), | ) ) ) ) |
| Defendant. | ) |

**SHOW CAUSE ORDER**
**REGARDING MOTION TO REDUCE SENTENCE**

REAGAN, District Judge:

In May 2008, Jamil F. Thomas was sentenced in this Court to 168 months in prison on Count 1 (possession with intent to distribute cocaine base ("crack")), and 120 months in prison on Count 2 (felon in possession of a firearm), to be served concurrently. On November 28, 2011, Defendant Thomas filed a pro se motion seeking to reduce his sentence based on the United States Sentencing Commission's promulgation of amendments to the Sentencing Guidelines, following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010). That Act required the Guidelines to be brought into conformity with substantive provisions reducing the criminal penalties for certain crack cocaine offenses.

By Orders dated December 2, 2011 (Docs. 34, 35), this Court appointed the Federal Public Defender's Office to represent Defendant. Attorney Todd M. Schultz of the FPD's Office formally entered his appearance on Crater's behalf on December 8, 2011 (Doc. 37).

On January 25, 2012, Mr. Schultz moved to withdraw from the case (i.e., cease his representation of Defendant on this motion), having determined that Defendant's guideline

˜1˜

range is unchanged by the 2011 retroactive amendment, thereby precluding any non-frivolous argument for a sentence reduction under 18 U.S.C. § 3582(c) and the retroactive amendment to the crack cocaine sentencing guideline. A copy of the motion was provided to Defendant by Mr. Schultz. The motion states as follows (Doc. 38, pp. 1-2):

> 4. On May 2, 2008, based upon an offense level of 33 and a criminal history category of III, the Court calculated the Defendant's guideline range to be 168 to 210 months in prison and imposed a sentence of 168 months. The Defendant's relevant conduct was determined to be approximately 6,123 kilograms of marihuana equivalents (MEQs), which resulted in a base offense level of 34. *See* PSR ¶ 23.
>
> 5. The conversion ratio for crack cocaine utilized by the 2011 retroactive amendment reduces Defendant's relevant conduct from 6,123 kilograms to approximately 3,645 kilograms of marihuana equivalents. *See* U.S.S.G. §2D1.1, Application Note 10(D). Despite this, Defendant's base offense level remains 34. Because the Defendant's guideline range remains unchanged, he is ineligible for a sentence reduction pursuant to § 3582(c). *See* U.S.S.G. § 1B1.10(a)(2) & App. n.1(A).
>
> 6. United States Probation Officer Linda Fletcher has also concluded that the Defendant is ineligible for a reduction because his guideline range is unaffected by the 2011 retroactive amendment to the crack cocaine guideline.

Simply put, Schultz's research discloses that Defendant Thomas is *not eligible* for the reduction at issue, and Schultz cannot find any valid (non-frivolous) reason on which to move forward with Defendant's motion to reduce sentence.

Defendant Thomas was given until February 10, 2012, to show cause why his motion to reduce sentence (Doc. 33) should not be denied. That deadline was subsequently extended to March 10, 2012, but Thomas did not file any response or otherwise show cause why his motion should not be denied.

The Court's review of the record reveals that Thomas's sentencing range is not changed by the retroactive amendments to the guidelines. *See United States v. Forman*, 553 F.3d

585, 588 (7th Cir. 2009).  Therefore, Thomas's motion for reduction of his sentence (Doc. 33) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED:  March 26, 2012

                                        s/ *Michael J. Reagan*
                                        **MICHAEL J. REAGAN**
                                        **UNITED STATES DISTRICT JUDGE**